FOURNET, Chief Justice
(dissenting).
It is my opinion that at the time the deceased met his death by accidental means he was acting within the scope of his employment as a salesman for his employer.
It is not only incidental to an employment but also within the contemplation of an employer that a salesman, while traveling on the road in the furtherance of his employer’s business, will stop for meals, as Barnes did in this case when, at the close of the business day, he sought a place in which to eat his evening meal. The fact that he went to Winnfield to eat instead of remaining in the small town of Olla, where good eating places are notorious by their absence, is no criterion, for most salesmen know by experience the best places where good, clean, and wholesome meals may be obtained. It is, therefore, just as reasonable to assume that Barnes chose to eat in Winnfield instead of Olla for this reason as it is to assume that he only chose to eat there because he wanted to be with the young lady. And the fact that he did take the young lady with him is immaterial, for it is only human nature' that no one prefers to eat by himself. The criterion in cases of this kind should be whether the actions of the employee are within the reasonable contemplation of his employment.
The effect of the majority opinion is that when a man is eating his lunch he is satisfying his own appetite and is not acting within the scope of his employment. Consequently, if he is injured during this period he is not entitled to compensation, and particularly so if he chooses to not only eat off the premises of his employer but also at a restaurant other than the one in the immediate vicinity of the place of his employment, regardless of the sanitary and wholesome condition of the food at the *157 place in the immediate vicinity or the cost of such meals.
My opinion is that such a result was never intended by the legislature in adopting the compensation laws of this state and I cannot, therefore, subscribe to an opinion that takes such a long step in this direction. Carried to its ultimate conclusion, this means that if because of the location of the employment or the personal preference of the employee the employee brings his lunch to work and eats it on the premises and, while so doing, is injured by a piece of falling machinery or the like, he is without a remedy to recover. Certainly he cannot sue his employer under tort, because of his agreement to be covered by the compensation law, and, under the holding in this case, he is not covered under the compensation laws while he is eating his lunch.